F. TRAVIS BUCHANAN, ESQ.
Nevada Bar No. 9371
701 E. Bridger Avenue Suite 540
Las Vegas Nevada 89101
Tel: (702) 331-5478
Fax: (702) 629-6919
Email: *Travis@ftblawlv.com*
*Attorneys for Plaintiff Emily Hall*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMILY HALL, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>PRESTIGE TRAVEL & CRUISES, a corporation licensed to do business in Nevada; DOES I-X, inclusive, and ROE ENTITIES I-X, inclusive,<br><br>    Defendant. | CASE NO.: 2:20-cv-00772-JCM-BNW<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>*SPECIAL SCHEDULING REVIEW REQUESTED* |

    Pursuant to Fed. R. Civ. P. 26(f), and Local Rules (LR) 26-1, the parties hereto, Plaintiff EMILY HALL (Plaintiff), by and through her respective counsel of record, F. Travis Buchanan, Esq., of F. Travis Buchanan, Esq., & Associates, and Defendants PRESTIGE TRAVEL, INC. (Defendants), by and through their respective counsel Jason D. Guinasso, Esq. and Piers R. Tueller, Esq., of Hutchison & Steffen, PLLC, hereby submit their Stipulated Discovery Plan and *proposed* Scheduling Order.

## DISCOVERY PLAN AND SCHEDULING ORDER

    Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a meeting was held telephonically at

1

3:00 p.m., on August 21, 2020, and was attended by F. Travis Buchanan, Esq. of F. Travis Buchanan, Esq. & Associates, PLLC, for Plaintiff, and Piers R. Tueller, Esq., attorney for Defendants. The subject of discovery was discussed within the scope of Fed. R. Civ. P. 26. The parties request special scheduling review of the discovery cut-off date as it exceeds 180 days from the date Defendants first appeared in this action, which was June 17, 2020 (the date Defendants answered the Complaint in this matter).

**A. Statement of Reason for Special Scheduling Review.** The proposed dates have been adjusted by approximately 90 days to account for work restrictions caused by the COVID-19 pandemic. The proposed adjustment is necessary due to the parties having limited access to their clients and the exchange of information between counsel and their respective clients, and counsel for both parties having limited access to their respective offices due to remote working arrangements over the past month.

## PROPOSED SCHEDULE

**I.     FED. R. CIV. P. 26(A) INITIAL DISCLOSURE**

After the initial 26(f) teleconference on August 21, 2020, in addition to discussing discovery in general, the parties agreed that Rule 26(a)(1) Initial Disclosures, will be exchanged between the parties, by the close of business on **Friday September 4, 2020**. Other than this, no changes are necessary in the form or requirement for disclosures under Fed. R. Civ. P. 26(a).

**II.    ESTIMATE OF TIME REQUIRED FOR DISCOVERY**

Special scheduling review of the proposed discovery cut-off deadline is requested. Defendants first appeared in this case on **June 17, 2020.** (Dkt. 12). Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(b), discovery must be completed no later than December 9, 2020, 180 days from Defendants' first appearance. However, the parties are requesting 30 additional days

from the statutory December 9, 2020 discovery cut-off date to conduct discovery in light of the COVID-19 pandemic and its effect on the parties and their respective counsel's offices. Accordingly, the parties are requesting that the close of discovery be 30 days from December 9, 2020, or **January 8, 2021**.

### III.   AMENDING THE PLEADINGS AND ADDING PARTIES

Unless stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be less than 90 days prior to the initial discovery cut-off date of **December 9, 2020**. The parties agree that no amendments or additional parties will be made or added to this case after such date.

### IV.   FED. R. CIV. P. 26(A)(2) DISCLOSURES (EXPERTS)

In accordance with Fed. R. Civ. P. 26(a)(2), disclosures identifying experts shall be made 60 days prior to the discovery cut-off-date, and therefore not later than: Expert deadline 60 days before discovery deadline) – **November 9, 2020**; Rebuttal expert deadline (30 days after expert deadline) – **December 9, 2020**.

### V.   DISPOSITVE MOTIONS

The parties shall file dispositive motions 30 days after the discovery cut-off date, and therefore, no later than **Monday February 8, 2021** (Due to the 30th day falling on Sunday February 7, 2021).

### VI.   PRETRIAL ORDER

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed 30 days after the date set for filing dispositive motions, and therefore not later than **Wednesday March 10, 2021**. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until 30 days after the Court enters a ruling on the dispositive motions, or otherwise by further order of the Court. The disclosures required by Fe. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

**VII.  EXTENSIONS OR MODIFICATIONS OF THE DISCOVERY PLAN AND SCHEDULING ORDER**

LR 26-3 governs modifications or extensions to this discovery plan and scheduling order.

**VIII.  ELECTRONICALLY STORED INFORMATION AND ELECTRONIC EVIDENCE**

The Parties have discussed the retention and production of electronic data and agree that service of discovery via electronic means, including electronic files copied to compact disc, pursuant to Fed. R. Civ. P. 5(b), is sufficient, and the parties retain the right to serve by mail and receive three additional days for mailing provided for in Fed. R. Civ. P. 6(d). The parties have undertaken efforts to retain any electronically stored information relevant to this matter and have agreed that, unless the requesting party asks for a definite and specific form, the party producing any electronically stored information need not provide such information in any certain form as long as the form provides the other party reasonable access to the information. The parties have further agreed that, to the extent that any party seeks electronically stored information that would be cumulative, burdensome, or unduly costly to produce, counsel for the parties will confer in good faith to reach a mutual agreement regarding the production of such information. The parties reserve the right to revisit this issue if a dispute or need arises.

**IX.  ALTERNATIVE DISPUTE RESOLUTION**

The Parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration and Early Neutral Evaluation. The Parties will participate in the Early Neutral Evaluation scheduled for November 12, 2020. The parties discussed other ADR methods and have not agree to any at this time.

///

///

**X.      LR II 26-1(b) CERTIFICATIONS**

The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 73 use of the Short Trial Program (General Order 2013-01) and do not consent to the same at this time.

## XI. ELECTRONIC FILING & ELECTRONIC EVIDENCE

The attorneys of record in this matter are registered for electronic filing with this Court. Any documents electronically filed with this Court are deemed to be sufficiently served on the other party as of the date the document is electronically filed with the Court. The parties further certify that they discussed their intent to present evidence in electronic format to jurors for jury deliberations, and have not reached any stipulation at this time but will work in good faith to provide electronic evidence and discovery, to the extent possible, in an electronic format compatible with the Court's electronic jury evidence display system.

DATED this 26th day of August 2020.                    DATED this 26th day of August 2020.

**HUTCHISON & STEFFEN, PLLC**                          **F. TRAVIS BUCHANAN, ESQ., & ASSOCIATES**

/s/ Piers R. Tueller                                    /s/ F. Travis Buchanan
By _____                            By _____
JASON D. GUINASSO, ESQ.                                F. TRAVIS BUCHANAN, ESQ.
Nevada Bar No. 8478                                    Nevada Bar No. 9371
500 Damonte Ranch Parkway, Ste. 980                    701 East Bridger Avenue Suite 540
Reno, NV 89521                                         Las Vegas, Nevada 89101
Telephone: (775) 853-8746                              Telephone No. (702) 331-5478
Facsimile No. (775) 201-9611                           Facsimile No. (702) 629-6919
Email: jguinasso@hutchlegal.com                        Email: Travis@Ftblawlv.com
PIERS R. TUELLER, ESQ.                                 *Attorneys for Plaintiff, Emily Hall*
Nevada Bar No. 14633
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Telephone: (702) 385-2500
ptueller@hutchlegal.com
*Attorneys for Defendants
Prestige Travel, Inc.*

**IT IS SO ORDERED:**

**DATED:** _____

_____
**UNITED STATES MAGISTRATE JUDGE**